IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY A. PETERS, | § | |
| TDCJ #1011746, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-3826 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Jerry A. Peters, a state inmate incarcerated in the Texas Department of Criminal

Justice–Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma*

*pauperis*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging

his state court conviction for possession of cocaine.  Respondent has submitted a motion

for summary judgment (Docket Entry No. 12), with a copy of the state court records.

Petitioner has filed a response.  (Docket Entry No. 17.)  After consideration of the

pleadings, the motion, the response, the relevant state court records, and the applicable law,

respondent's motion for summary judgment is **GRANTED**, and this case is **DISMISSED**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

A jury in the 178th District Court of Harris County, Texas, in cause number

846817, found petitioner guilty of possession of cocaine.  After finding two enhancement

paragraphs "true," the jury assessed punishment at twenty-five years incarceration in the TDCJ.  The conviction was affirmed on appeal.  *Peters v. State*, 93 S.W.3d 347 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd).   The Texas Court of Criminal Appeals refused discretionary review.  *Peters v. State*, PDR No. 1806-02.  Petitioner's application for state habeas relief was denied without a written order on findings of the trial court without a hearing.  *Ex parte Peters*, Application No. 58,238-02, at cover.

Petitioner's pending federal habeas corpus petition raises the following grounds for relief, which have been grouped and renumbered for convenience and clarity:

(1)     The trial court erred and abused its discretion by

      (a)     denying petitioner's motion to suppress;

      (b)     admitting into evidence petitioner's written statement;

      (c)     incorrectly instructing the jury on "plain view;"

      (d)     denying a hearing on his *pro se* motion for new trial; and

      (e)     allowing evidence of two extraneous offenses.

(2)     Petitioner was denied a fair trial because

      (a)     the State referred to three unavailable witnesses; and

      (b)     the State made prejudicial jury arguments; and

      (c)     the trial court erroneously instructed the jury on "plain view."

(3)     Counsel was ineffective in failing to

      (a)     inform him of the State's plea bargain offer of five years;

2

(b)     object to the "plain view" jury instruction;

(c)     request jury instructions on his written statement and the extraneous offenses;

(d)     continuously object to inadmissible evidence; and

(e)     interview and subpoena three potential witnesses.

(4)     Appellate counsel was ineffective in failing to raise as issues on appeal the denial of his suppression motion and the admission of his written statement.

(5)     The state habeas court's refusal to hear his claims violated due process.

Respondent moves for summary judgment and argues that petitioner's grounds fail as a matter of law.

## II.     STANDARD OF REVIEW

### A.     Habeas Corpus Review Under 28 U.S.C. § 2254

The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any inmate unless he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §§ 2241(c)(3); 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  The pending habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Embodying the principles of federalism, comity, and finality of judgments, the AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Specifically,

the AEDPA has modified a federal habeas court's role in reviewing state inmate petitions in order to prevent federal habeas "retrials," and to ensure that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The provisions of 28 U.S.C. § 2254(d), as amended by the AEDPA, set forth a highly deferential standard for evaluating state court rulings, which demands that state court decisions "be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner bears the burden to prove that he is entitled to habeas relief under this deferential standard. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002). For claims adjudicated on the merits, a petitioner is not entitled to relief unless the state court's conclusion resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362 (2000); 28 U. S. C. § 2254(d). In addition, 28 U.S.C. § 2254(e)(1) provides that any factual findings made by the state court in deciding a petitioner's claims are presumed correct unless the petitioner rebuts those findings with clear and convincing evidence to the contrary.

A federal habeas corpus court's review under the AEDPA standard is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). Courts are to review pure

questions of law and mixed questions of law and fact under section 2254(d)(1), and pure questions of fact under section 2254(d)(2).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).   A decision is contrary to clearly established federal law for purposes of section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law for purposes of section 2254(d)(2) if the state court identified the correct governing legal principle but unreasonably applied that principle to the facts of the case.  *Id*.  To be unreasonable, the state decision must be more than merely incorrect or erroneous.  *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Rather, the state court's application of clearly established law must be "objectively unreasonable."  *Id*.  Stated differently, a reversal is not required unless the state court decision applied the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be "unreasonable."  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).     These standards will be applied to petitioner's petition.

## B.    Summary Judgment

In addition to the standards applied by the applicable federal habeas corpus statutes, the respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  In deciding a motion for summary judgment under Rule 56, a court must determine whether the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A movant's burden is to point out the absence of evidence supporting the nonmovant's case.  *Id.*  To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action.  *Id.*

An issue is material if its resolution could affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding whether a fact issue has been raised, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.[1]  *See Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).  However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts."  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

---

[1]   While it is true that Rule 56 of the Federal Rules of Civil Procedure applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), the Fifth Circuit has held that Rule 56 applies only to the extent that it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir.), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct. 1652 (2004).  Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id.*  Unless the petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings.  *See Morris v. Covan Worldwide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).  Likewise, unsubstantiated or conclusory assertions that a fact issue exists do not meet this burden.  *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Instead, the nonmoving party must present specific facts which show the existence of a genuine issue on every essential component of its case.  *Id*.  In absence of any proof, the district court will not assume that the nonmovant could or would prove the necessary facts.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  **III.   <u>STATEMENT OF THE FACTS</u>**

The state court on direct appeal set forth the following material facts in its opinion:

[Petitioner] was arrested in a motel room where cocaine was discovered in plain view.  At trial, [petitioner] conceded to possession of the cocaine, but challenged the seizure of the cocaine, claiming that the police officers did not have consent to enter the motel room.  The jury was instructed to find [petitioner] not guilty if they found there was no consent given to enter the motel room.

As part of a routine investigation, Houston Police Department Sergeant Collin P. Gerlich went to the Hollywood Inn Motel parking lot to look for stolen cars.  After entering one of the car's license plate numbers into his computer, he received information that the car had been stolen.  Officers David Zaunbrecher, Dennis Von Quintus, and Sergeant A.W. Williams of the Houston Police Department, arrived to assist Gerlich in investigating the charge.  The three officers went to the hotel manager seeking information about the car and were directed to a hotel room occupied by [petitioner] and Ms. Peters.  Flanked closely by Gerlich, Williams knocked on the door and [petitioner] answered it.  After the officers told [petitioner] they were looking for his wife, [petitioner] called her to the door.  Ms. Peters came to the door, and [petitioner] stood approximately three feet behind her.

Sergeant Williams testified that after he received verbal permission from Ms. Peters to enter, he walked into the motel room behind her.  As soon as Ms. Peters allowed the officers into the room, [petitioner] moved away from the door and made a quick sweeping motion with his left hand near the dresser. Williams saw what appeared to be rocks of crack cocaine fly from [petitioner]'s hand.   [Petitioner] then took two quick steps toward the back of the room, and Williams yelled, 'freeze.'     [Petitioner] stopped immediately.

[Petitioner] and Ms. Peters testified they did not consent to the officers' entry into the motel room.  Ms. Peters testified that after [petitioner] called her to the door, she walked outside immediately, rather than waiting in the doorway. Immediately thereafter, [petitioner] closed the door behind her. Once outside, she testified that the officers took her into custody, and none of the officers asked her permission to enter the motel room.  [Petitioner] testified that after Ms. Peters went outside, he shut the door firmly behind her and a short time thereafter, Zaunbrecher entered the room without permission.

The officers seized the crack cocaine [petitioner] discarded when they entered the room and arrested him for possession.  Following [petitioner]'s arrest, the officers searched the motel room and found a large marijuana cigarette and a sawed-off shotgun.  The shotgun was found in a bedroom under a bed.

At trial, the State introduced the marijuana and shotgun into evidence. [Petitioner] objected, claiming the shotgun and the marijuana should not have been admitted into evidence because, under Texas Rule of Evidence 403, their probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury, and under Texas Rule of Evidence 404(b) the admission of the shotgun and the marijuana was improper as an extraneous offense.  The trial court admitted the evidence over [petitioner]'s objection.   In a single point of error, [petitioner] contends the trial court erred in admitting evidence of the marijuana and the shotgun because they were not relevant to the issue of consent.  We agree.  However, finding the error harmless, we nonetheless affirm.

*Peters v. State*, 93 S.W.3d at 349-50.

## IV.     TRIAL COURT ERROR

Petitioner alleges that the trial court erred in (a) denying his motion to suppress; (b) admitting his written statement into evidence; (c) incorrectly instructing the jury on "plain view;" (d) denying a hearing on his *pro se* motion for new trial; and (e) allowing into evidence two extraneous offenses.

### A.     Procedural Default

Respondent alleges that petitioner's grounds under subparts (a), (b), (c), and (d) are procedurally barred.  In denying relief, the state habeas court expressly found that these issues should have been raised on direct appeal, citing *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996).  *Ex parte Peters*, p. 109.  In the *Gardner* case, the Texas Court of Criminal Appeals recognized that a habeas applicant has "procedurally defaulted" a claim that could have been, but was not, raised on direct appeal.  *Id.* at 199 (citing the "well-settled" rule that "the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal.").

Violation of a "firmly established and regularly followed" state rule is adequate to foreclose review of a federal claim under the doctrine of procedural default.  *Lee v. Kemna*, 534 U.S. 362, 376 (2002).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause

9

for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "This doctrine ensures that federal courts give proper respect to state procedural rules."  *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).  *See also Dretke v. Haley*,  541 U.S. 386, 388 (2004).

These issues were not raised on direct appeal, and petitioner does not dispute that the state habeas corpus court rested its denial of these claims on a regularly followed state procedural rule.  Nor does petitioner demonstrate that he is actually innocent or that the fundamental miscarriage of justice exception otherwise applies in this case.[2]  Therefore, these grounds are procedurally barred unless petitioner establishes both cause and actual prejudice for the default.

The United States Supreme Court has held that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753.  Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding

---

[2]    The fundamental miscarriage of justice exception to the doctrine of procedural default is limited to cases in which the petitioner can make a persuasive showing that he is actually innocent of the charges against him.  *See Coleman*, 501 U.S. at 750.  To make this showing, the petitioner must prove that, as a factual matter, he did not commit the crime for which he was convicted. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).  "To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2000).

would have been different.  *See Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000).

In an effort to show that he did not procedurally default these claims, petitioner argues that he raised one or more of these issues in his *pro se* brief on appeal.  However, petitioner was represented by counsel on appeal and had no right to hybrid representation.  Thus, these issues were not properly raised on appeal.  *See Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996).  In some circumstances, deficient performance by appellate counsel  may constitute cause for a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Here, petitioner claims that appellate counsel was ineffective in failing to raise as issues on appeal the denial of his suppression motion and the trial court's ruling admitting into evidence his written statement.  However, as the Court discusses *infra* under those specific ineffective assistance of counsel grounds, petitioner fails to show deficient performance or prejudice under those grounds.  No valid basis for cause to excuse his procedural default is shown by his arguments of ineffective assistance of appellate counsel.

Petitioner fails to demonstrate cause or actual prejudice in connection with these particular issues, and absent such a showing, the claims are barred by the doctrine of procedural default.  Respondent is entitled to summary judgment on these issues.

**B.      Extraneous Offense Evidence**

During the guilt-innocence phase of trial, the state court admitted into evidence the marijuana and shotgun that police found in petitioner's motel room.  On direct appeal, petitioner complained that the trial court erred and abused its discretion in admitting these two extraneous offenses.  In affirming the conviction, the state appellate court agreed that the evidence was erroneously admitted under state law, but held that the error was not harmful and that petitioner was not denied a fair trial.  *Peters*, 93 S.W.3d at 354.

The admissibility of evidence is governed by state law.  It is well established that it is not the function of a federal habeas court to "review a state's interpretation of its own law."  *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).  This Court does not sit as a "super" state supreme court to review errors under state law.  *See Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).  Accordingly, a federal habeas court will not grant relief from errors in a state trial court's evidentiary rulings, if any, unless those errors result in a "denial of fundamental fairness" under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998).  *See also Lucas v. Johnson*, 132 F.3d 1069, 1079 (5th Cir. 1998) (holding that the erroneous admission of evidence does not merit federal habeas relief unless the evidence was a crucial, critical and highly significant factor that rendered the trial as a whole fundamentally unfair.).

In this case, petitioner's effort to demonstrate that the trial court's evidentiary rulings were incorrect is unavailing to show that his trial was rendered fundamentally

unfair, particularly in light of the state appellate court's holding that the evidence, while erroneously admitted, constituted harmless error.  As petitioner argued on direct appeal, the primary issue at trial was whether the police officers were given consent to enter the motel room.   Petitioner does not dispute that upon entering the room, the officers immediately saw petitioner with the cocaine and placed him under arrest.  That a marijuana cigarette and sawed-off shotgun were also found in the room did not detract from, nor add to, his possession of the cocaine for which he was convicted.  Moreover, petitioner himself concedes that evidence of the shotgun and marijuana was not a significant factor at trial. In his response to the motion for summary judgment, petitioner states his agreement with the appellate court's harmless error ruling, "because it was not the gun nor the marijuana which effected [*sic*] his trial," but other evidence.  (Docket Entry No, 17, p. 18).

Even under a liberal construction of the pleadings and the record, petitioner fails to show that the state court's rejection of this claim is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  Petitioner fails to show a basis for the relief he seeks under this ground, and habeas relief is not warranted.

## V.   <u>DENIAL OF A FAIR TRIAL</u>

Petitioner next asserts that he was denied a fair trial because (1) the State referred to three unavailable witnesses (Docket Entry No. 17, p. 3); (2) the State made prejudicial jury arguments (*id*.); and (3) the trial court erroneously instructed the jury on "plain view"

13

(*id.*, p. 4).  Petitioner responded to the motion for summary judgment, but failed to brief these issues in his response.  (*Id.*, p. 12).

### A.      References to Three Witnesses

The state habeas court expressly found that petitioner's complaints regarding the three witnesses should have been raised on direct appeal.  *Ex parte Peters*, p. 109.  The Court of Criminal Appeals denied relief based on the state habeas court's findings.  *Id.*, at cover.  Accordingly, this issue, which was not raised on direct appeal, has been procedurally defaulted and is barred from consideration by this Court.  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  Petitioner makes no attempt to demonstrate cause or prejudice for the procedural default, nor has he provided any reliable new evidence giving rise to a finding of actual innocence.  Therefore, petitioner is not entitled to have this otherwise barred constitutional claim considered on the merits, and no basis for habeas relief is shown.

Regardless, a review of the record reveals no support for petitioner's claim that he was denied a fair trial.  Petitioner's complaint focuses on three individuals to whom the prosecutor allegedly referred in questioning witnesses at trial – the motel manager and two police officers.  The motel manager apparently spoke with the police investigators and gave them petitioner's motel room number.  One of the police officers was involved in the investigation of the reportedly stolen car and the other officer was among those who entered the motel room.  Petitioner presents no probative evidence that the prosecutor's

14

reference to these individuals rendered his trial as a whole fundamentally unfair. The evidence presented at trial made these witnesses' testimony cumulative. Other police officers involved in the investigation testified at length regarding the offense and the reason the officers came to the motel in the first place. Petitioner has not demonstrated prejudice from the prosecution's mention of but failure to call the three witnesses.

### B.    Prejudicial Jury Arguments

Nor does petitioner merit habeas relief under his complaints regarding the State's jury arguments. Petitioner alleges as fundamentally prejudicial and unfair the State's (1) comment during opening argument that the officers feared petitioner had a weapon in the motel room; (2) request during closing argument that the jury evaluate the officers' credibility; and (3) references during closing argument to petitioner's prior convictions and the extraneous offenses.

Remarks made by a prosecutor are a sufficient ground for habeas relief only if they are so prejudicial that they render the trial fundamentally unfair. *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002). The appropriate inquiry is whether the comments so infected the trial with unfairness that there is a reasonable probability that the result would have been different had the proceeding been conducted differently. *Jackson v. Johnson*, 194 F.3d 641, 653 (5th Cir. 1999). Such unfairness exists "only if the prosecutor's remarks evince either persistent and pronounced misconduct or . . . the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred."

15

*Harris*, 313 F.3d at 245.  A prosecutor's improper argument will, standing alone, exceed constitutional limitations in only the most "egregious cases."  *Menzies v. Procunier*, 743 F.2d 281, 288 (5th Cir. 1984).

The state habeas court found that petitioner failed to allege facts that would support his contention that he was the victim of prosecutorial misconduct because of improper statements made at trial by the prosecutor.  *Ex parte Peters*, p. 109.  The Court of Criminal Appeals implicitly based its denial of habeas relief on this finding.  *Id*. at cover. The state court's findings reasonably applied the law to the facts, consistent with clearly established federal law, and were not objectively unreasonable.  Moreover, the state court on direct appeal found that although the State's reference to extraneous offenses during closing argument was improper, it was harmless error.  *Peters*, 93 S.W.3d at 355.

An independent review of the state court record in the instant case does not reveal clear and convincing evidence that would rebut the presumption of correctness of the state courts' adjudication of petitioner's claims.  The relevant question is whether the State's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  The trial is rendered fundamentally unfair only if, in the context of the trial as a whole, the remarks were "crucial, critical, highly significant factors."  *Ortega v. McCotter*, 808 F.2d 406, 411 (5th Cir. 1987).  The prosecutorial comments complained of by petitioner did not infect the trial

with such unfairness as to deny petitioner due process. To the contrary, petitioner admits that the shotgun and marijuana evidence were not significant factors in the jury's verdict. (Docket Entry No. 17, p. 18; "[I]t was not the gun nor the marijuana which effected [*sic*] his trial, but the written statement and the illegally obtained cocaine which the jury requested the statement during deliberations.").

Petitioner has not met his burden of establishing that the state habeas court's decision to reject his claims was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. 2254(d)(1). Therefore, petitioner is not entitled to federal habeas relief.

## C.    Jury Instruction on "Plain View"

Petitioner further complains that by instructing the jury on "plain view," the trial court denied him a fair trial because "the police entered the motel room without consent." The jury was instructed, in applicable part, as follows:

> You are instructed that no evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on [*sic*] the trial of any criminal case.

> You are instructed that under our law as applicable in this case any search of the motel room without a search warrant or without the voluntary oral permission from Phyllis Peters for the officers to enter the motel room would not be lawful.

> Therefore, in this case, should you fail to find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, that permission to enter the motel room of the defendant was voluntarily and knowingly

17

> given orally by his wife Phyllis Peters, then such entry would be unlawful
> and you should wholly disregard any evidence observed by the officers in
> plain view and say by your verdict 'not guilty.'

Clerk's Record, p. 42.  Petitioner argues that these paragraphs effectively instructed the

jury to find the evidence as being in "plain view."  This Court disagrees.  The instruction

referenced "*any* evidence observed by the officers in plain view," not "*the* evidence

observed by the officers in plain view," and still required the jury to determine whether

evidence had been in plain view.  The instruction was not tantamount to an affirmative

finding or a comment by the trial court that the evidence was in plain view.  Moreover, as

argued by respondent in the motion for summary judgment, petitioner did not object to the

instruction at trial, and the record clearly shows that petitioner's primary defense at trial

and on appeal centered on the police officers' lack of consent to enter the motel room.

Petitioner's own trial testimony established that the drugs were in plain view when the

officers entered the room.  (Statement of Facts, Vol. 3, pp. 191-192).  The jury instruction

did not deprive petitioner of his constitutional right to a fair trial, and habeas relief is not

warranted under

this ground.

18

## VI.   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by his counsel and actual prejudice as a result of the deficient performance.  *Id.* at 687.  The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  *Wilkerson  v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  *Strickland*, 466 U.S. at 687-90.

Actual prejudice is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.* at 372.

Petitioner claims that counsel was ineffective in failing to (a) inform him of the State's plea bargain offer of five years; (b) object to the "plain view" jury instruction; (c) request jury instructions on his written statement and the extraneous offenses; (d) continuously object to inadmissible evidence; and (e) interview and subpoena three potential witnesses. Claims of ineffective assistance are mixed questions of law and fact. *Strickland*, 466 U. S. at 698. Therefore, under 28 U. S.C. § 2254(d)(1), the federal court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts.

### A.    Plea Bargain Offer

Petitioner claims that trial counsel failed to inform him of the State's pretrial plea-bargain offer of five years imprisonment. In his affidavit submitted to the state court on collateral review, trial counsel testified in relevant part as follows:

> Lastly, as to plea bargain offers, [petitioner] was never offered 5 years TDC in this case. All plea bargain offers were directly communicated to

[petitioner] by me.  The best offer made was 10 years, and [petitioner] rejected the offer.  In fact, [petitioner's] rejection of the 10 year offer was done on the record immediately prior to trial and against my advise [*sic*]. Even though I felt then and now that the search was illegal, and the officers were not being truthful on the consent issue, I also advised [petitioner] to take the 10 year offer because of the minimum 25 year sentence he faced if we lost at trial.  Also, that it would be difficult to get the jury to find [petitioner] not guilty on a technical search issue in light of his obvious guilt of the offense, the ammount [*sic*] of cocaine and other drugs in the room, his prior record, and the fact that our main witness was his wife who also had a criminal record.

*Ex parte Peters*, pp. 104-105.

The state habeas court rejected petitioner's argument, and made the following relevant findings:

7.    A sworn affidavit was filed by [trial counsel], an attorney that this court finds to be a reliable and credible person whom the court is familiar with.

8.    Based on the affidavit of [trial counsel], the State never offered [petitioner] a plea offer of five (5) years TDC.  Rather, the State's best offer to [petitioner] was for a ten (10) year sentence which the [petitioner] rejected on the record against his attorney's recommendation.

The state court also made the following relevant conclusion:

5.    [Petitioner] fails to show that his trial attorney's actions both at trial and on appeal fell below an objective reasonable standard or that he was harmed improperly by such action in order to satisfy the *Strickland* test.

*Id.*, pp. 108-109.  These findings reflect that there was no five-year offer made by the State.  The record fails to reveal any probative summary judgment evidence that the State made such an offer.  Petitioner's conclusory allegations to the contrary are insufficient to raise an issue of material fact precluding summary judgment.  The Fifth Circuit has "made

21

clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002). The Court of Criminal Appeals implicitly based its denial of habeas relief on these findings. *Id.* at cover. An independent review of the state court record in the instant case does not reveal clear and convincing evidence that would rebut the presumption of correctness of the state court's adjudication of petitioner's claim. The state court's findings reasonably applied the law to the facts, consistent with clearly established federal law, and were not objectively unreasonable. Petitioner fails to show a basis for the relief he seeks under this ground. 28 U.S.C. § 2254(d)(1).

### B.   Jury Instruction on "Plain View"

Petitioner next complains that trial counsel failed to object to the jury instruction on "plain view," as the instruction constituted a comment on the weight of the evidence. (Docket Entry No. 17, pp. 13-14). The relevant jury instruction appears in the record as follows:

> Therefore, in this case, should you fail to find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, that permission to enter the motel room of the defendant was voluntarily and knowingly given orally by his wife Phyllis Peters, then such entry would be unlawful and you should wholly disregard any evidence observed by the officers in plain view and say by your verdict 'not guilty.'

Clerk's Record, p. 42. As previously noted, this instruction refers to "any" evidence in plain view, not "the" evidence in plain view, and is not tantamount to an instruction or comment by the trial court that evidence was in plain view. Counsel is not required to

22

make frivolous objections. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Moreover, the record shows that although petitioner strenuously disputed that the officers were given consent to enter the room, he admitted that the cocaine was out in the open when the officers entered the room. Petitioner fails to show that the jury charge was objectionable and that an objection would have been sustained, and fails to demonstrate deficient performance by counsel. Habeas relief is not warranted on this ground.

### C.   Jury Instructions on Written Statement and Extraneous Offenses

Petitioner argues that counsel was deficient for failing to request a jury instruction allowing the jury to disregard his allegedly illegally-obtained written statement. Petitioner admits that the statement was admitted into evidence over his counsel's objection. Petitioner fails, however, to either identify the specific jury instruction he claims should have been submitted or show that the trial court would have submitted it to the jury upon counsel's request. Petitioner further fails to demonstrate that but for counsel's failure to submit the jury instruction, the results of the trial would have been different. His claim is conclusory and fails to raise an issue precluding summary judgment. *Collier*, 300 F.3d at 587. Neither deficient performance nor prejudice is shown, and habeas relief is not warranted.

### D.   Failure to Continuously Object

Petitioner further complains that trial counsel failed to continuously object to the State's references to the shotgun and marijuana extraneous offense evidence. Petitioner

admits, however, that trial counsel was granted a "running objection" on the State's references to that evidence.  Furthermore, the state court on direct appeal held that the extraneous offense evidence was erroneously admitted, but that the error was harmless.

The state court on collateral review found that petitioner failed to meet his burden of proving ineffective assistance of counsel.  *Ex parte Peters*, p. 109.  The Court of Criminal Appeals implicitly based its denial of habeas relief on this finding.  *Id*. at cover.  The state courts' findings reasonably applied the law to the facts, consistent with clearly established federal law, and were not objectively unreasonable.  An independent review of the state court record in the instant case does not reveal clear and convincing evidence that would rebut the presumption of correctness of the state court's adjudication of petitioner's claims.  Habeas relief is not warranted under this issue.

E.      **Failure to Investigate and Subpoena Three Witnesses**

Petitioner complains that counsel should have investigated, subpoenaed, and called the following three individuals as defense witnesses:  Henry Jefferson, Officer Kenny Jones, and the motel manager.  In his affidavit submitted to the state court on collateral review, trial counsel testified in relevant part as follows:

> Prior to trial I conducted a through [*sic*] investigation of [petitioner's] case.  That investigation primarily consisted of having numerous conversations with both [petitioner] and his mother, reviewing the State's file, hiring an investigator to check certain facts out, speaking with [petitioner's] wife who was the main civilian witness in the case, and doing legal research on the legality of the search of [petitioner's] room.  The investigator, Mr. Christian Wendenburg, was hired to conduct an initial interview with [petitioner's] wife who was, according to one police report, the person who gave consent

24

to search the motel room.  Mr. Wendenburg also attempted to find Mr. Henry Jefferson, but had no sucsess [*sic*].  Contrary to [petitioner's] application, Mr. Jefferson was not the 'motel manager,' but was a friend of [petitioner's] wife who rented the car that was later reported stolen and was parked at the motel on the date of his arrest.  It was the investigation of that stolen car that led the police to [petitioner's] motel room.  Mrs. Peters told me prior to trial and testified that Mr. Jefferson rented the car for her use.  [Petitioner] told me he had paid Jefferson for the rental.  Regardless, the only issue in the case was whether or not either [petitioner] or [his wife] gave consent to the officers who were investigating the stolen rental car to enter the motel room. The police reports were inconsistent on the issue.  Both [petitioner] and [his wife] testified at trial that they did not consent.

As to Officer Kenny Jones, I believe he did testify at trial.  If he didn't he was certainly available and I may have made a strategic decision not to call him.  My recollection is that he did testify since I think he was one of the authors  of one of the inconsistent police reports on the consent issue. Whether he testified or not, I am certain that the jury was presented evidence of the fact that the initial police reports of the arrest gave two different versions of how consent to enter the motel room was obtained.  That was the main point I tried to make to the jury in order to argue that [petitioner] should be acquitted based on the illegal entry into the motel room.

I usually do not attempt to interview police officer witnesses prior to trial, since it is my experience in 20 years of handling criminal cases, that police officers won't talk to defense lawyers about cases unless requested to do so by a prosecutor.  I also would not have wanted to talk with the police officers in this case because it would have tipped them off to the inconsistancy [*sic*]  in their reports about the consent issue, and given them time to fabricate a reason for the inconsistancy [*sic*].

*Ex parte Peters*, pp. 104-105.  The state habeas court rejected petitioner's ineffective

assistance of counsel grounds, and made the following relevant findings:

> 7.    A sworn affidavit was filed by [trial counsel], an attorney that this court finds to be a reliable and credible person whom the court is familiar with.
>
> 9.    Based on the affidavit of [trial counsel], [trial counsel] conducted a thorough investigation of the [petitioner's] case.  [Trial counsel] had numerous

conversations with [petitioner] and his mother, reviewed the State's file, hired an investigator, and spoke with the [petitioner's] wife who was the main civilian fact witness in this case.  The motel manager and Mr. Jefferson are, as witnesses, irrelevant to the defense theory in this case.

10.    Based on the affidavit of [trial counsel], [trial counsel] believes he made a strategic decision not to call [a certain police officer].  Even without [the officer's] testimony, [trial counsel] believes that the jury was presented the evidence of the fact that the police reports of the officers were inconsistent and there was therefore a valid issue of illegal search and seizure.

*Ex parte Peters*, pp. 108-109.  Informed decisions of counsel are to be given a heavy measure of deference, and will not be second guessed by this Court.  *See Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir. 1999).  A conscious, informed decision on trial tactics and strategy cannot form the basis for constitutionally ineffective assistance of counsel unless it is so ill-chosen that it permeates the entire trial with obvious unfairness.  *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).  Such an argument is not supported by the record before this Court.

The Fifth Circuit has emphasized that "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative.  Where the only evidence of a missing witness's testimony is from the defendant, this Court views claims of ineffective assistance with great caution."  *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citations omitted).  To demonstrate the required *Strickland* prejudice on a claim of ineffective assistance in this context, a petitioner "must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial."  *Evans v. Cockrell*, 285 F.3d 370,

26

377 (5th Cir. 2002).  Absent affidavits or similar evidentiary proof from any of the alleged

uncalled witnesses, a petitioner's claim is speculative and conclusory, and does not

demonstrate either deficient performance or prejudice.  *See Sayre*, 238 F.3d at 636.

Moreover, complaints of uncalled witnesses are not favored on habeas review

because the presentation of testimonial evidence is a matter of trial strategy and because

allegations of what a witness would have testified to are largely speculative.  *See Boyd v.

Estelle*, 661 F.2d 388, 390 (5th Cir. 1981).  To prevail on such a claim, a petitioner must

show that the witness's testimony would have been favorable and that the witness would

have testified.  *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).  In this

case, petitioner presents no probative evidence by affidavit or otherwise to establish the

potential testimony of these individuals, that they were available for trial, and that their

testimony would have been beneficial to his defense.  As petitioner presents only

conclusory allegations in support of this argument, respondents are entitled to summary

judgment on this issue.

## VII.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner claims that counsel was ineffective in failing to raise as issues on appeal

the denial of his suppression motion and the admission of petitioner's written statement.

Persons convicted of a crime are entitled to effective assistance of counsel on direct

appeal.  *Evitts v. Lucey,* 469 U.S. 387 (1985).  Appellate counsel's performance is

reviewed under the *Strickland* standards.  *Goodwin v. Johnson,* 132 F.3d 162, 170 (5th

Cir. 1998). Petitioner must allege and present facts that, if proven, would show that his appellate attorney's representation was deficient and that the deficient performance caused him prejudice. *See Strickland,* 466 U.S. at 687-88, 692; *Jones v. Jones,* 163 F.3d 285, 300 (5th Cir. 1998).

To establish that appellate counsel's performance was deficient in the context of an appeal, a petitioner must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and raise them. *Smith v. Robbins,* 528 U.S. 259, 285 (2000). Counsel need not raise every nonfrivolous ground of appeal, but should instead present "[s]olid, meritorious arguments based on directly controlling precedent." *Schaetzle v. Cockrell,* 343 F.3d 440, 445 (5th Cir. 2003). If petitioner succeeds in showing a deficiency, he then must demonstrate that he was actually prejudiced by counsel's error. *Robbins,* 528 U.S. at 285-86. To establish actual prejudice, a petitioner must show a reasonable probability that, but for his counsel's deficient performance, he would have prevailed on appeal. *Robbins,* 528 U.S. at 285.

### A.      Suppression Ruling

Petitioner complains that appellate counsel should have challenged the trial court's denial of his motion to suppress. To the extent petitioner is complaining that counsel failed to appeal the admission of the marijuana and shotgun evidence, his argument is factually incorrect, as the admission of these items constituted petitioner's sole complaint on appeal.

To the extent petitioner is complaining that counsel should have challenged on appeal the admissibility of the cocaine, the jury determined that the police officers were given consent to enter the motel room, and that the cocaine was in plain view once the officers were in the room.  Petitioner fails to show that but for appellate counsel's failure to challenge the suppression ruling on appeal, the results of the appeal would have been different.

### B.      Written Statement

Petitioner also complains that appellate counsel failed to challenge the admission of his written statement, because within the statement, he admitted that the cocaine belonged to him.  (Docket Entry No. 7, p. 18).  This argument is unpersuasive.  Petitioner testified at trial that when the police entered the motel room, he was attempting to hide the cocaine.  Petitioner's wife also testified that they had purchased the cocaine "wholesale." Ownership and possession of the cocaine was not a disputed issue at trial.  Petitioner fails to show that but for counsel's failure to challenge the admission of his statement, the results of the appeal would have been different.

The state habeas court found that petitioner failed to establish deficient performance and prejudice under *Strickland*, and denied habeas relief.  *Ex parte Peters*, p. 109. Petitioner fails to show that the state habeas court's decision to reject these claims was contrary to, or involved an unreasonable application of, clearly established law.  Neither deficient performance nor prejudice have been shown, and habeas relief is not merited.

## VIII.  <u>DENIAL OF DUE PROCESS IN STATE HABEAS PROCEEDING</u>

Petitioner complains that the state court denied him due process in his state habeas proceeding by refusing to set a hearing on his habeas claims.  As respondent correctly notes, however, errors that allegedly occurred during a state habeas corpus proceeding are not cognizable on federal habeas corpus review.  It is well established in this Circuit that

"infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court." *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003). No grounds for federal habeas relief are shown by this issue.

## IX.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997).

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were sufficient to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, where claims have been dismissed on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id*. On the other hand, there is a two-prong test when the denial of relief is based on procedural grounds. In that situation, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Id*.

31

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the issues presented involve clearly settled areas of law, the Court concludes that jurists of reason would not debate whether the substantive or procedural rulings in this case were correct. Accordingly, a certificate of appealability will not issue in this case.

## X.   CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1.   Respondent's motion for summary judgment (Docket Entry No. 12) is **GRANTED**.

2.   The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

3.   This cause of action is **DISMISSED** with prejudice.

4.   A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

**SIGNED** at Houston, Texas on **August 31, 2005**.

Nancy F. Atlas
United States District Judge